■ In the Matter of SUSAN SILVERGLAD JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Appellant, MOLLIE LEWIS et al., Respondents.— Order, entered on June 20, 1962, unanimously affirmed, without costs. The order of this court entered on June 20, 1963 is vacated. No opinion. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.

## SECOND DEPARTMENT, JUNE, 1963

### (June 3, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH RUGUS, Appellant, v. DOLORES RUGUS, Respondent.— In a habeas corpus proceeding by a father against a mother, relating to the custody of their infant daughter, Alison Rugus, in which an order had been entered September 17, 1962 granting to the father certain visitation rights, he appeals from an order of the Supreme Court, Queens County, dated October 30, 1962, which denied his motion to punish the mother for contempt of court because of her refusal to allow such visitation; such denial, however, being "without prejudice to renewal" in the event the father "fully complies" with his stipulation, made on the original hearing in this proceeding, to pay $25 weekly for the child's support. Order of October 30, 1962 reversed, without costs, and matter remitted to the Special Term for further proceedings not inconsistent herewith, and without prejudice to an application by the respondent mother, if she be so advised, to vacate the prior order of September 17, 1962 permitting visitation. The respondent mother admits her failure to obey the prior order of the court with respect to the visitation rights granted to the father. She contends, however, that she was induced to consent to the entry of such order by the father's representation that he would continue to support the child by paying $25 weekly, and that he has failed to make such payments. The record establishes her contention. It is equally clear, however, that the visitation permitted by the prior order was not made conditional upon the father's continued support of the child; support was not even mentioned in the prior order. In any event, it was not within the power of the court to impose such a condition (Matter of Sack v. Elmaleh, 9 A D 2d 771; Matter of Derer, 262 App. Div. 969; Matter of Forbell v. Forbell, 274 App. Div. 853; People ex rel. Prior v. Prior, 112 Misc. 208). Since the order appealed from would accomplish indirectly what the court has no power to accomplish directly, it must be reversed. Although under the circumstances here presented, the respondent mother, as a remedy for the father's nonsupport of the child, might have moved to vacate the visitation order (to the entry of which she had consented on his representation that he would continue to support the child), it is no defense to a proceeding to adjudge her in contempt that the order she is charged with violating was irregular, erroneous or broader than the facts warranted. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.